IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01707-GPG

CLARENCE E. HASSLER, JR.,

    Applicant,

v.

MICHAEL MILLER, Warden,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Clarence E. Hassler, is in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. He has filed, *pro se*, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 8). Mr. Hassler had paid the $5.00 filing fee. The Court construes the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    On September 21, 2015, Magistrate Judge Gordon P. Gallagher issued an Order to File Preliminary Response (ECF No. 9) directing the Respondent to address the affirmative defenses of timeliness and/or exhaustion of state court remedies, if Respondent intended to assert one or both defenses. After obtaining a brief extension of time, Respondent filed a Preliminary Response on October 15, 2015 asserting the defense of failure to exhaust state court remedies. (ECF No. 16). Applicant's Reply

was due on November 5, 2015.

A prisoner in state custody must exhaust available state court remedies prior to seeking federal habeas corpus relief. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir.1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir.1994)); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989). Where a petitioner has not exhausted his state remedies, "[g]enerally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006). A habeas petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (internal citation omitted).

In the Amended Application, Mr. Hassler asserts that he is being denied parole because he has not completed sex offender treatment; however, he is being detained in a facility that does not offer sex offender treatment. Mr. Hassler states in the § 2241 Application that he has not exhausted state court remedies because state parole board decisions are not appealable. (ECF No. 8 at 2).

Respondent argues that Mr. Hassler failed to exhaust available state court remedies because he did not file a state court habeas petition in his criminal case, nor did he file a civil habeas action in state court related to the issue of being denied parole. (*See* ECF Nos. 16-1, 16-2).

Applicant may challenge the denial of parole in a state court habeas petition under

COLO.REV. STAT. § 13-45-101, *et seq.* (2015). *See e.g.*, *Naranjo v. Johnson*, 770 P.2d 784 (Colo.1989) (habeas corpus available to contest unconstitutional denial of parole); *Campbell v. Solano*, 807 P.2d 583 (Colo. 1991) (same); *Rather v. Colorado State Bd. of Parole*, 856 P.2d 860 (Colo. 1993) (same).   Because Mr. Hassler has not yet availed himself of that remedy, this action will be dismissed.   Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Mr. Hassler has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Hassler files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED November 17, 2015, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court